IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Greenway Energy, LLC, | ) | Civil Action No. 1:17-819-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Ardica Technologies, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's motion to dismiss (Dkt. No. 6) and Plaintiff's motion to stay (Dkt. No. 8).

I. **Background**

On October 4, 2015, Defendant Ardica Technologies, Inc. entered into a contract with Plaintiff Greenway Energy, LLC, under which Greenway was to produce and deliver to Ardica a quantity of Alane, a type of fuel. (Dkt. No. 1 ¶ 5.) Ardica needed the Alane to fulfill a contract with the U.S. Department of Defense. (*Id.* ¶ 6.) The contract does not specify a price for Alane delivered by Greenway. Instead, it provides that Ardica "will fund Greenway for selected Alane production equipment upgrades, personnel additions and feedstock materials in accordance with budgets that are mutually agreed to in order to achieve the [contract's stated goals]." (*Id.* ¶ 11.) The initial agreed production amount was 2.9 kg of Alane. (*Id.* ¶ 17.) After the contract was executed, the parties allegedly agreed to modify the contract to increase the volume of Alane production and to increase the budget to fund the cost of the additional production. (*Id.* ¶ 14.) Greenway alleges that it has produced the initially agreed 2.9 kg of Alane and that it has incurred approximately $1.2 million in additional expenses necessary for the production of the larger

quantities of Alane as agreed in the contract modification. (*Id.* ¶ 17.) Greenway is withholding delivery of the 2.9 kg of Alane until Ardica pays the amount Greenway alleges is due. (*Id.* ¶ 18.)

On March 28, 2017, Greenway filed a verified complaint asserting claims for breach of contract and promissory estoppel against Ardica. (Dkt. No. 1.) On April 20, 2017, Ardica moved to dismiss and to compel arbitration in California, to be administered by the American Arbitration Association. (Dkt. No. 6.) The contract at issue has a clause providing "that all claims, counterclaims, disputes, and matters in question between the parties arising out of or relating to this Agreement or the breach thereof will be decided by negotiations between the parties" but "any dispute which is not settled to the mutual satisfaction of both parties within thirty (30) days from receipt of written notice of a dispute, will be settled by arbitration." (Dkt. No. 1-1 at 6.) The arbitration clause is silent about the arbitral forum and the method of selecting an arbitrator. Greenway thereafter moved to stay the action and to compel arbitration in South Carolina under a court-appointed arbitrator. (Dkt. No. 8.)

## II. Legal Standard

### A. Motion to Compel Arbitration

The Federal Arbitration Act ("FAA") reflects a liberal policy toward arbitration. The Act provides that a written agreement to arbitrate in any contract involving interstate commerce or a maritime transaction "shall be valid, irrevocable and enforceable" unless there exists grounds for revocation in law or equity. 9 U.S.C. § 2; *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). A litigant can compel arbitration under the FAA if the litigant can demonstrate: "'(1) the existence of a dispute between the parties; (2) a written agreement that includes an arbitration provision which purports to cover the dispute; (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce; and (4) the failure, neglect or refusal of the [party] to arbitrate the dispute.'" *Am. Gen. Life & Accident Ins.*

Co. v. Wood, 429 F.3d 83, 87 (4th Cir. 2005) (quoting *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500–01 (4th Cir. 2002)). District courts have "no choice but to grant a motion to compel arbitration where a valid arbitration agreement exists and the issues in a case fall within its purview." *Adkins*, 303 F.3d at 500.

### B. Motion to Dismiss or to Stay Proceedings

The FAA requires a court to stay "any suit or proceeding" pending arbitration of "any issue referable to arbitration under an agreement in writing for such arbitration, and "[t]his stay-of-litigation provision is mandatory." *Adkins*, 303 F.3d at 500; *see also* 9 U.S.C. § 3; *Hooters*, 173 F.3d at 937. The Fourth Circuit has also held that if all of the claims asserted in a complaint are subject to arbitration, dismissal of the complaint is "an appropriate remedy." *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709–10 (4th Cir. 2001). The Fourth Circuit has noted the inconsistency between its opinions on this issue. *Aggarao v. MOL Ship Mgmt. Co.*, 675 F.3d 355, 376 n.18 (4th Cir. 2012) ("There may be some tension between our decision in *Hooters*—indicating that a stay is required when the arbitration agreement 'covers the matter in dispute'—and *Choice Hotels*—sanctioning dismissal 'when all of the issues presented . . . are arbitrable.'"). It has also noted that the circuits are divided on this question, which it has not resolved for this Circuit. *Id.*

### III. Discussion

The parties agree that all claims arising out of the contract at issue must be arbitrated. (*See* Dkt. Nos. 6, 8.) The Court therefore declines to consider Defendant's alternative argument that counts two and three of the complaint should be dismissed as barred by the existence of the contract. (*See* Dkt. No. 6 at 7–8.) The only issues before the Court are selection of the arbitral forum and arbitrator. The contract is silent on those issues. Although it has a California choice of law clause, which the Court construes to apply to all portions of the contract, in procedural matters,

a federal court sitting in diversity applies federal law. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965).

The Federal Arbitration Act ("FAA") provides,

> If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; but if no method be provided therein, or if a method be provided and any party thereto shall fail to avail himself of such method, or if for any other reason there shall be a lapse in the naming of an arbitrator or arbitrators or umpire, or in filling a vacancy, then upon the application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein; and unless otherwise provided in the agreement the arbitration shall be by a single arbitrator.

9 U.S.C. § 5. Further, under the FAA, when an arbitration provision fails to specify the location, the arbitration proceeding shall be within the district in which the petition for an order compelling arbitration is filed. 9 U.S.C. § 4; *see Schulz and Burch Biscuit Co. v. Tree Top, Inc.*, 642 F. Supp. 1155, 1157 (N.D. Ill. 1986). The Court therefore must order arbitration to occur in South Carolina under a single court-appointed arbitrator.[1] To that end, the Court appoints the Honorable Jean H. Toal, Chief Justice (retired) of South Carolina, to arbitrate this dispute. The parties shall be responsible for the costs of the arbitral proceedings under terms set by the arbitrator.

Finally, the Fourth Circuit provides that dismissal is appropriate where the entire dispute is within the scope of the arbitration clause. *Choice Hotels Int'l*, 252 F.3d at 709–10 ("[D]ismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable."). The Court therefore dismisses the complaint without prejudice under Rule 12(b)(3) of the Federal Rules of Civil Procedure.

---

[1] Ardica argues "that there is already an arbitration in existence," referring to AAA action number 01-17-0002-0303. (Dkt. No. 10 at 4.) It appears, however, that the AAA has declined to administer the arbitration and has closed the case file because Greenway refused to consent to AAA administration. (*See* Dkt. Nos. 9-1, 9-2.)

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's motion to dismiss (Dkt. No. 6) and **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion to stay (Dkt. No. 8.) The Court **ORDERS** Plaintiff Greenway Energy, LLC and Defendant Ardica Technologies, Inc. to arbitrate their dispute in South Carolina and **APPOINTS** Chief Justice (retired) Jean H. Toal to arbitrate this dispute. The complaint is **DISMISSED WITHOUT PREJUDICE.**

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

May 17, 2017
Charleston, South Carolina